J-S62010-14

2014 PA Super 242

COMMONWEALTH OF PENNSYLVANIA,     IN THE SUPERIOR COURT OF
                        PENNSYLVANIA
          Appellee

          v.

LUIS COLON,

          Appellant           No. 3481 EDA 2012

Appeal from the Judgment of Sentence entered November 16, 2012,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0005223-2010
and CP-51-CR-000973-2011

BEFORE:  ALLEN, OLSON, and OTT, JJ.

OPINION BY ALLEN, J.:              **FILED OCTOBER 24, 2014**

Luis Colon ("Appellant") appeals from the judgment of sentence imposed after the trial court determined he violated the conditions of his probation.  We affirm.

The trial court summarized the pertinent facts and procedural history as follows:

> On September 9, 2010, [Appellant] was found guilty of criminal trespass, graded as a felony of the second degree.  On November 10, 2010, the trial court sentenced [Appellant] to nine to twenty months of incarceration followed by two years of probation.  On August 17, 2011, [Appellant] pleaded guilty to possession with intent to deliver ("PWID") and was sentenced to a negotiated sentence of eleven and a half to twenty-three months of incarceration followed by two years of probation.  [Appellant's] plea to the PWID charge placed him in direct violation of his parole for the criminal trespass conviction.  Also, on August 17, 2011, the trial court revoked [Appellant's] parole

on the criminal trespass conviction and sentenced him to the balance of his back time followed by two years of probation.

On November 19, 2011, the trial court granted [Appellant's] early parole petition with the condition that [Appellant] receive mental health and drug/alcohol treatment at Eagleville Hospital. On December 12, 2011, [Appellant] was released from custody and transported to the Eagleville Hospital for inpatient treatment. On January 17, 2012, [Appellant] was released from Eagleville because he successfully completed inpatient treatment at that facility.

On January 18, 2012, just one day after being released from Eagleville Hospital, Philadelphia police officer Mark Brown responded to Third and Cambria Streets in Philadelphia where he observed the complainant, Lynette Santiago, crying, yelling and screaming. Officer Brown described her as "upset" and "frantic." Santiago told Officer Brown that [Appellant] punched her in the face causing her lip to bleed. Officer Brown observed that Santiago was bleeding from her lower lip, had scratches on her face, and that her shirt was torn. On January 27, 2012, [Appellant] was charged with simple assault for the January 18, 2012 incident.

On September 5, 2012, the Commonwealth filed a Motion to Proceed with Probation Violation Hearing Pursuant to **Commonwealth v. Daisey Kates**, 305 A.2d 701 (Pa. 1973). On September 19, 2012, the trial court conducted the Daisey Kates hearing. At the end of the hearing, the trial court found [Appellant] in violation of both his parole/probation matters, revoked [Appellant's] parole and probation on each case, and determined a new sentence of total confinement was warranted. On November 16, 2012, the trial court sentenced [Appellant] to new sentences of one and a half to five years of incarceration on the criminal trespass conviction and a consecutive two and a half to seven years of incarceration on the PWID conviction.

Trial Court Supplemental Opinion, 2/11/14, at 1-2 (citations to notes of testimony omitted).

Appellant filed a petition to vacate and reconsider sentence *nunc pro tunc* on November 29, 2012, and on November 30, 2012, the trial court

- 2 -

entered an order approving the *nunc pro tunc* filing but denying the petition. Appellant filed a timely notice of appeal on December 17, 2012, and on December 20, 2012, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant did not file a timely Pa.R.A.P. 1925(b) statement; nonetheless, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

On July 26, 2013, Appellant filed a motion to vacate the briefing schedule and remand the certified record to the trial court for completion of the appellate record. On August 20, 2013, this Court granted Appellant's motion and remanded the record. Appellant subsequently filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and on February 11, 2014, the trial court filed a supplemental Pa.R.A.P. 1925(a) opinion.

Appellant presents the following issues for our review:

1. Did not the [trial] court err when it admitted hearsay statements that a non-testifying complainant made while under the influence of PCP, where such statements were not "excited utterances" and where the admission of such statements violated [Appellant's] right to confrontation?

2. Was not the evidence introduced at the probation revocation hearing insufficient as a matter of law to establish a technical violation of probation?

3. Did not the [trial court] abuse its discretion and violate the Sentencing Code by sentencing [A]ppellant to four to twelve years state incarceration, a manifestly excessive violation of probation sentence, for a technical violation of probation?

Appellant's Brief at 4.

In his first issue, Appellant argues that the trial court erred when it permitted Officer Brown to testify about out-of-court statements made to him by Ms. Santiago. Specifically, Appellant argues that the trial court erred in concluding that Ms. Santiago's statement to Officer Brown that Appellant had assaulted her fell within the excited utterance exception to the hearsay rule.

With regard to the excited utterance exception, our Supreme Court recently explained:

> As is well-settled, excited utterances fall under the common law concept of *res gestae.* *Res gestae* statements, such as excited utterances, present sense impressions, and expressions of present bodily conditions are normally excepted out of the hearsay rule, because the reliability of such statements are established by the statement being made contemporaneous with a provoking event. While the excited utterance exception has been codified as part of our rules of evidence since 1998, *see* Pa.R.E. 803(2), the common law definition of an excited utterance remains applicable, and has been often cited by this Court:

> > [A] spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.... Thus, it must be shown first, that [the declarant] had witnessed an event sufficiently startling and so close in point of time as to render her reflective thought processes inoperable

and, second, that her declarations were a spontaneous reaction to that startling event.

The circumstances surrounding the statements may be sufficient to establish the existence of a sufficiently startling event.

***Commonwealth v. Murray***, 83 A.3d 137, 157-158 (Pa. 2013) (citations omitted).

At the September 19, 2012 revocation hearing, in concluding that Ms. Santiago's statement constituted an excited utterance, the trial court relied on the credible testimony of Officer Brown that on January 18, 2012, when he initially encountered Ms. Santiago, she was "crying ... doing a lot of yelling and screaming," and "seemed very upset." N.T., 9/19/12, at 7. Officer Brown further noticed that Ms. Santiago had scratches on her face and fresh blood on her lip and that her shirt was torn. *Id*. at 7-8, 11-12. Officer Brown asked Ms. Santiago what happened, to which she immediately responded that Appellant had struck her and punched her. *Id*. at 11. Officer Brown additionally testified that Ms. Santiago appeared to him to be under the influence of narcotics based on her having a blank stare and slurred speech. *Id*. at 15. Officer Brown also observed that Appellant was lying in the street nearby with "fresh blood" on him from injuries to his face and hands. *Id*. at 16. When Officer Brown attempted to question Appellant, Appellant became "very irate and stated ... that he did not want to discuss any matters with the police." *Id*. at 12. Thereafter, Ms. Santiago also

refused to answer any more questions or provide any more information to police. *Id*. at 12-13.

Based on Officer Brown's testimony, the trial court determined that Ms. Santiago's statement constituted an excited utterance, concluding that the statement was in response to a "startling event" and "was made under the stress [of] the excitement caused by that event." N.T., 9/19/12, at 24. Moreover, the trial court reasoned that Appellant's presence in close proximity to Ms. Santiago, as well the fact that both of their injuries were fresh, corroborated Ms. Santiago's statement. As the trial court explained:

> The trial court properly allowed Officer Brown's testimony about Santiago's statements into evidence under the excited utterance exception to the hearsay rule because: (1) Officer Brown's observations indicated that Santiago was under the stress and trauma of suffering the observed injuries, including her elevated voice, frantic and upset demeanor, immediate responses to questions without reflection, torn clothing, scratches on her face, and fresh blood from her lip, (2) Santiago spoke with Officer Brown shortly after sustaining her injuries, while [Appellant] was still laying on the ground and a crowd was still gathered, and (3) the similar injuries to [Appellant], who was "lying in the street," with several injuries to his head and hands, fresh blood from those injuries, and [Appellant's] irate and uncooperative demeanor.

Trial Court Supplemental Opinion, 2/11/14, at 4 (citations omitted).

Upon review, we find no error in the trial court's decision to admit Officer Brown's hearsay tesimony under the excited utterance exception. Although Appellant argues that Ms. Santiago's excited behavior was the result of her having ingested PCP, the trial court, within its province as factfinder, did not find this argument persuasive. N.T., 9/19/12, at 23.

Instead, the trial court reasoned that although Officer Brown testified that he believed Ms. Santiago was under the influence of PCP, the officer's belief constituted mere supposition and was not supported by any test results or statements by Ms. Santiago that she was in fact under the influence of a controlled substance. *Id*. Rather, the trial court concluded that based on the surrounding circumstances, Ms. Santiago's excitement was the product of her having experienced a startling event. *See Murray*, 83 A.3d at 157-158 ("the circumstances surrounding the statements may be sufficient to establish the existence of a sufficiently startling event"). Our review of the record supports the trial court's determination. Additionally, we note that "[t]he jurisprudence of this Commonwealth makes it clear that a statement, which otherwise qualifies as an excited utterance, is not precluded from falling within the excited utterance exception to the hearsay rule when made in response to questioning." *Commonwealth v. Jones*, 912 A.2d 268, 282-283 (Pa. 2006) (citations omitted). Therefore, the fact that Ms. Santiago identified Appellant as her assailant only after Officer Brown asked her what happened does not disqualify her statement from the excited utterance exception to the hearsay rule. *Id*.

Appellant next argues that the trial court's admission of Ms. Santiago's out-of-court statement violated his right to confrontation under the Sixth Amendment, and additionally that the Commonwealth failed to demonstrate

"good cause" for admission of the out-of-court statement. Appellant's Brief at 23-26.

With regard to the Sixth Amendment right to confrontation, this Court has explained "[t]he Confrontation Clause in the Sixth Amendment to the United States Constitution provides that [i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ..." *Commonwealth v. Wantz*, 84 A.3d 324, 337 (Pa. Super. 2014) (citations and internal quotations omitted).[1] Probation and parole revocation hearings however, are not equivalent to criminal prosecutions. Rather, because "[p]robation, like parole, is not part of the criminal prosecution ... the full panoply of rights due a defendant in a criminal trial does not apply to

---

[1] "*In Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held that the Confrontation Clause of the Sixth Amendment prohibits the use of testimonial hearsay obtained by police officers against a criminal defendant, even if such hearsay is reliable, unless the defendant has the opportunity to cross-examine the unavailable declarant." *Commonwealth v. Gatlos*, 76 A.3d 44, 63 (Pa. Super. 2013). Here, Appellant argues that Ms. Santiago's out-of-court statement was "testimonial" and therefore, pursuant to *Crawford*, the Commonwealth could not deny Appellant the right to confront and cross examine her, and the admission of Ms. Santiago's out-of-court statement was therefore constitutionally impermissible. Appellant's Brief at 24-26. However, "[s]ince *Crawford* was decided, the majority of jurisdictions have held that *Crawford* concerns only Sixth Amendment confrontation rights in criminal prosecutions and that because parole or probation revocation proceedings are not criminal prosecutions, neither *Crawford* nor the Sixth Amendment Confrontation Clause applies to parole or probation revocation proceedings." *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (Neb., 2014). Rather, at a probation revocation hearing, hearsay is admissible upon a finding of "good cause" for not allowing confrontation. *Commonwealth v. Allshouse*, 969 A.2d 1236, 1241 (Pa. Super. 2009).

probation revocation. Probation is a suspended sentence of incarceration served upon such terms and conditions as imposed by the sentencing court. Probation revocation requires a truncated hearing by the sentencing court to determine whether probation remains rehabilitative and continues to deter future antisocial conduct. Such a hearing takes place without a jury, with a lower burden of proof, and with fewer due process protections." *Commonwealth v. Holder*, 805 A.2d 499, 503-504 (Pa. 2002). At a probation or parole revocation hearing, the following procedural safeguards apply:

> (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; *(d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);* (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

*Commonwealth v. Ferguson*, 761 A.2d 613, 617-618 (Pa. Super. 2000) *quoting* *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973) (emphasis added).

Thus, pursuant to *Gagnon, supra*, an out-of-court statement of an adverse witness may be admitted if the trial court finds "good cause" for not allowing the confrontation. As the Commonwealth Court has observed, however, "'[g]ood cause' in this context (probation and parole revocation hearings), has not been legislatively defined and the scant case law on the

- 9 -

subject reflects an individual determination based on the facts of each case." ***Grello v. Com., Pennsylvania Bd. of Probation and Parole***, 477 A.2d 45, 46-47 (Pa. Cmwlth. 1984).

At the revocation hearing in this matter, the trial court determined that a finding of "good cause" was not necessary because the Commonwealth had demonstrated that Ms. Santiago's statement fell within the excited utterance exception. N.T., 9/19/12, at 20. The trial court concluded that only "if [the out-of-court statement] is determined to be hearsay and not subject to an exception to the hearsay rule ... would [the trial court] have to have a finding of good cause shown." *Id*. at 20-21. Concluding that Ms. Santiago's out-of court statement fell within the excited utterance exception, the trial court accordingly declined to make a separate finding of whether "good cause" existed for depriving Appellant of his right to confront Ms. Santiago.

Appellant argues, however, that the trial court was required to make a separate, specific finding of "good cause" for depriving him of the right to confrontation, regardless of whether Ms. Santiago's statements fell within the "excited utterance" exception to the hearsay rule.

Given the dearth of case law on this issue, we look for guidance to the Commonwealth Court, which, addressing the admissibility of hearsay testimony in parole and probation revocation hearings, has regularly concluded that "[g]ood cause to admit hearsay when the declarant is

unavailable may be based upon a finding of some intrinsic indicia of reliability and corroboration by other evidence of record." ***Majors v. Pennsylvania Bd. of Probation and Parole***, 808 A.2d 296, 298 (Pa. Cmwlth. 2002); ***see also Rodriguez v. Com., Pennsylvania Bd. of Probation & Parole***, 516 A.2d 116 (Pa. Cmwlth. 1986). Here, at the revocation hearing, the trial court established that the challenged statements contained the requisite "indicia of reliability" given the trial court's findings that the statements were made while Ms. Santiago was still under the stress of a startling event, and that her identification of Appellant as her assailant was corroborated by other evidence of record including the visibly fresh injuries to her face and the fact that Appellant was in close proximity to her at the time and displayed injuries of his own. Thus, in reaching its conclusion that the challenged statements constituted an excited utterance, the trial court also satisfied the "good cause" requirement by stating on the record the reasons for its belief that the challenged statements were reliable.

To the extent that Appellant argues that the Commonwealth was required to additionally demonstrate "good cause" for Ms. Santiago's unavailability at trial, our review of the record reveals that Officer Brown testified that on the date of the incident, after Ms. Santiago initially stated that Appellant had assaulted her, Ms. Santiago subsequently refused to speak any further with the police. Officer Brown testified: "I asked her

several times if she would continue to elaborate to what happened, and she refused. I asked her if she would be interviewed by detectives further in reference to this matter, at which time she also refused." N.T., 9/19/12, at 12-13. Officer Brown testified that Ms. Santiago then "walked away" and left the scene. *Id*. at 17. Under the more relaxed standards applicable to revocation proceedings, we conclude that given Ms. Santiago's refusal to speak with police, the Commonwealth demonstrated the requisite "good cause" for Ms. Santiago's unavailability at trial and for admission of her out-of-court statement.

In his second issue, Appellant argues that the evidence was insufficient to support the revocation of his probation. Appellant's Brief at 27-30. "A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court." **Commonwealth v. Perreault**, 930 A.2d 553, 558 (Pa. Super. 2007) (citations and internal quotations omitted).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of

discretion." *Id*. "When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation." *Commonwealth v. Allshouse*, 33 A.3d 31, 37 (Pa. Super. 2011) (quotation marks and citations omitted). "[T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated[.]" *Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010) (citations and internal quotations omitted). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id*.

At the September 19, 2012 revocation proceeding, after hearing the testimony of Officer Brown, the trial court concluded that the Commonwealth had demonstrated by a preponderance of the evidence that Appellant had violated his probation. The trial court explained:

> [The Commonwealth] demonstrated by a preponderance of the evidence, that [Appellant] engaged in assaultive conduct, that

probation was ineffective to rehabilitate [Appellant], and that [Appellant] would likely commit another crime if he were not imprisoned. The trial court based its decision upon the evidence that [Appellant] punched Lynette Santiago in her face causing her lip to bleed and that Santiago had scratches on her face and her shirt was torn. Such evidence is more than adequate to revoke [Appellant's] probation and issue a new sentence of total confinement. Such sentence was also essential to vindicate the authority of the trial court given that [Appellant] failed to comply with the terms of his supervision only one day after being released from Eagleville Hospital.

Trial Court Opinion, 7/10/13 at 4 (citations omitted).

We find no abuse of discretion in the trial court's determination that the evidence was sufficient to support revocation of Appellant's probation.

The burden of proof for establishing a violation of probation is a preponderance of the evidence, lesser than the burden in a criminal trial of proof beyond a reasonable doubt. But there are other noteworthy differences between a probation revocation hearing and a criminal trial, and the manner in which each proceeding affects the other also is significant:

The focus [of] a probation hearing, even though prompted by a subsequent arrest, is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future anti-social conduct. It must be emphasized that a probation revocation hearing is not a trial: The court's purpose is not to determine whether the probationer committed a crime. ... The degree of proof necessary for probation revocation is less than that required to sustain a criminal conviction. Probation may be revoked on the basis of conduct which falls short of criminal conduct.

*Commonwealth v. Castro*, 856 A.2d 178, 180 (Pa. Super. 2004) (citations and internal quotations omitted); *see also Ortega, supra* ("The question before us, therefore, is not whether the evidence admitted at the VOP hearing would, if admitted at trial, suffice to convict [the appellant] beyond a

reasonable doubt ... but whether it showed by a preponderance of the evidence that probation had proven ineffective in rehabilitating [the appellant] and deterring him from antisocial behavior."). Accordingly, we find no error in the trial court's determination that the testimony of record was sufficient to demonstrate, by a preponderance of the evidence, that Appellant engaged in assaultive behavior and that Appellant's probation was ineffective in accomplishing rehabilitation and had not deterred future antisocial conduct.

Appellant next argues that the trial court abused its discretion when it sentenced him to four to twelve years of incarceration. Such a challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.").

Here, Appellant preserved his claim in his motion for reconsideration, and filed a timely notice of appeal.[2] Appellant has additionally included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 15-17. Moreover, Appellant's claim that the trial court sentenced him to a term of total confinement based solely on a technical violation raises a substantial question for our review. *See Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'"); *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000);

---

[2] We recognize that Appellant's *nunc pro tunc* motion for reconsideration was untimely. However, on November 30, 2012, the trial court entered an order approving the *nunc pro tunc* filing, even though it denied the motion on its merits, thereby permitting Appellant to preserve his discretionary claim. *See Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 724, n.1 (Pa. Super. 2013) ("It is well settled that a trial court may exercise its discretion and permit a post-sentence motion to be filed nunc pro tunc within thirty days after the imposition of sentence.").

*Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006) ("a claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that we should review").

Our standard of review is well-settled. We have explained:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment – a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] … the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). However, 42 Pa.C.S.A. § 9771(c)

provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

>     (1)    the defendant has been convicted of another crime; or
>
>     (2)    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
>     (3)    such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

"In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1040-1041 (Pa. Super. 2013) (internal quotations omitted); 42 Pa.C.S. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Crump***, 995 A.2d at 1282-1283.

At the November 16, 2012 sentencing hearing, the trial court heard from Appellant's counsel, who recounted Appellant's various mental health

and substance abuse problems, as well as his family circumstances. N.T, 11/16/12, at 5-6. Additionally, the trial court heard from Appellant, who expressed his remorse for his actions, and outlined his efforts at rehabilitation and his attempts to secure employment. *Id*. at 10-12. The trial court also had the benefit of a pre-sentence investigation report which included a mental health analysis. The trial court then set forth on the record the reasons for its sentence as follows:

> [T]he Commonwealth is requesting a five-to-ten year sentence. The defense is asking for a period of time served. ... Let me highlight the following presentence investigation, which is that [Appellant] had the benefit of juvenile supervision, which despite that benefit, was not successful. Given the later convictions, [Appellant has] had many revocations. Also, several violent convictions, including robbery, resisting arrest and simple assault.
>
> [Appellant has] had minimal employment ... although [he] had some successful treatment, and I do give [him] that. [Appellant has] had successful treatment with the program in late December [but] in the main, there's been a repeated unsuccessful attempt of treatment.
>
> So in my view, what's reasonable and appropriate, given the protection of the public as well as rehabilitative needs, should be 1½ to five years on the criminal trespass. Consecutive to that would be 2½ to seven years on the possession with intent to deliver. Bringing the total sentence to four to twelve years of state time.

N.T., 11/16/12, at 12-13.

Upon review, we discern no abuse of discretion, ***Simmons, supra***, where the trial court considered the appropriate factors in concluding that Appellant's repeated attempts at rehabilitation had failed. The record

- 19 -

supports the trial court's determination that revocation and a sentence of imprisonment for Appellant – who engaged in assaultive conduct one day after his release from inpatient treatment for mental health and substance abuse issues – was essential to vindicate the authority of the court.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2014