J-S38038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA B. FETTEROLF, | : | |
| | : | |
| Appellant | : | No. 1932 MDA 2014 |

Appeal from the Judgment of Sentence entered on November 4, 2014
in the Court of Common Pleas of Union County,
Criminal Division, No. CP-60-CR-0000045-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA B. FETTEROLF, | : | |
| | : | |
| Appellant | : | No. 1933 MDA 2014 |

Appeal from the Judgment of Sentence entered on November 4, 2014
in the Court of Common Pleas of Union County,
Criminal Division, No. CP-60-CR-0000046-1999

BEFORE: WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JULY 20, 2015**

Joshua B. Fetterolf ("Fetterolf") appeals from the judgment of

sentence imposed following the revocation of his probation. We affirm.

In June 1999, Fetterolf pled *nolo contendere* to one count of sexual

assault and two counts of unlawful restraint. *See* 18 Pa.C.S.A. §§ 3124.1;

2902(a). Fetterolf was sentenced to an aggregate sentence of four to eight

years in prison, to be followed by two probationary sentences of five years each to be served consecutively for the counts of unlawful restraint.

On October 10, 2014, the Commonwealth filed a Motion to Revoke Fetterolf's probation. The Commonwealth alleged that Fetterolf had violated probation on six occasions, including by possession of an offensive weapon (baton) and by assaulting his wife, Delann Fetterolf ("Delann").

The trial court found that Fetterolf violated the conditions of his probation by possessing the baton and assaulting his wife. The trial court sentenced Fetterolf to two consecutive prison terms of two and a half to five years. Fetterolf filed a timely Notice of Appeal and a court ordered 1925(b) Concise Statement of Errors Complained of on Appeal. Thereafter, the trial court issued an Opinion.

On appeal, Fetterolf raises the following issues for our review:

1. Did the [t]rial [c]ourt improperly credit and rely upon statements by [Delann] when she recanted said statements[,] and she was obviously untruthful?

2. Did the [t]rial [c]ourt improperly base part of its decision upon observations made by it regarding supposed contact between [Fetterolf] and [Delann] in the courtroom, while a Protection from Abuse Act (PFA)[1] Order was in effect against [Fetterolf] and on [Delann's] behalf, but not when testimony was being presented in the immediate case?

Brief for Appellant at 7 (footnote added).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be

---

[1] *See* 23 Pa.C.S.A. §§ 6101-6122.

disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa. Super. 2014). "The standard of proof is a preponderance of the evidence, or in other words, such proof as leads the trier of fact to find that the existence of a contested fact is more probable than its non-existence." ***Commonwealth v. Del Conte***, 419 A.2d 780, 781 (Pa. Super. 1980) (citations omitted). "When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison." ***Colon***, 102 A.3d at 1041.

In his first claim, Fetterolf argues that the evidence is not sufficient to support his revocation because much of the Commonwealth's case came from Delann's testimony about the PFA Order. Brief for Appellant at 10. At the hearing, Delann testified that Fetterolf had abused her, and that she had submitted a sworn statement in a PFA Petition. ***Id.*** However, Delann later testified that she lied in the Petition. ***Id.*** Fetterolf contends that since Delann lied about the abuse, the trial court erred in relying upon her statements in sentencing. ***Id.*** at 11.

Jonathan Lehr ("Agent Lehr"), Fetterolf's parole agent, testified that he searched Fetterolf's residence, after learning that Fetterolf had used a baton to strike Delann. N.T., 11/3/14, at 46. While searching the residence, Agent Lehr found a baton inside Fetterolf's coat. ***Id.*** at 50.

Delann testified that she had filed her PFA Petition on September 29, 2014, regarding the abuse by Fetterolf. *Id.* at 18. Delann read parts of her PFA Petition, which alleged various forms of abuse, including that Fetterolf had threatened her, punched her, hit her with a baton, knocked her unconscious, and held her against her will. *Id.* at 20-23. During the testimony, Delann verified the accuracy of the statements in her PFA Petition. *Id.* Later, on cross examination, Delann claimed that she lied in her PFA Petition. *Id.* at 27.

Regarding Delann's contradictory testimony, the Honorable Michael H. Sholley ("Judge Sholley") stated, "it is my assessment of [Delann] that she is scared to death of [Fetterolf]. . .and that is probably the explanation for her changing her story, not because it didn't happen." *Id.* at 76; *see also* Trial Court Opinion, 1/26/15, at 3. Judge Sholley, as the fact finder, was free to believe any part of a Delann's testimony. *See Commonwealth v. Karns*, 50 A.3d 158, 165 (Pa. Super. 2012) (stating that the fact finder can believe all, part, or none of the evidence and can determine the credibility of the witnesses).

Further, Judge Sholley considered Fetterolf's rehabilitative needs versus the interest of society in preventing future crime. Judge Sholley believed that Fetterolf was "a dangerous and out-of-control man" who needed time in prison before being allowed back in society. N.T., 11/3/14, at 76. Thus, the Commonwealth proved by a preponderance of the evidence

that Fetterolf violated his probation and that his probation was properly revoked. **See Colon**, 102 A.3d at 1042 (stating that the trial court can determine whether or not probation has proven ineffective in rehabilitating the defendant). Therefore, Fetterolf's first claim lacks merit.

In his second claim, Fetterolf contends that the trial court based part of its revocation decision on the court's observation that Fetterolf had violated the PFA Order by having contact with Delann while they were in court. Brief for Appellant at 11. Fetterolf argues that the trial court could not use this observation in its decision because it is an assertion of fact that is outside the record. **Id.**

Here, Judge Sholley specifically stated that he did not base his decision on those observations. **See** Trial Court Opinion, 1/26/15, at 3; **see also**, N.T., 11/3/14, at 72 (wherein Judge Sholley stated that he could have held Fetterolf in contempt based on his in-court contact with Delann, but decided not to do so). Therefore, Fetterolf's argument is without merit.[2]

Judgment of Sentence affirmed.

---

[2] We note that Fetterolf also argues that Judge Sholley based his decision on pictures that were allegedly found on Fetterolf's phone, when that issue was not before the court. Brief for Appellant at 12. While Judge Sholley mentioned the issue in his Opinion, it was not the basis for the revocation of Fetterolf's probation. **See** N.T., 11/13/14, at 83.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2015