J. S64044/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTUANNE LONNEL ALLEN, | : | |
| | : | |
| Appellant | : | No. 628 MDA 2015 |

Appeal from the Judgment of Sentence December 16, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division No(s).: CP-22-CR-0000174-2011

BEFORE: FORD ELLIOTT, P.J.E., WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 23, 2015**

Appellant, Antuanne Lonnel Allen, appeals from the judgment of sentence entered in the Dauphin Court of Common Pleas following the revocation of his probation. Appellant argues the sentence of one to two years' imprisonment in a state correctional institution, with a consecutive year of probation, is excessive. We affirm.

On December 11, 2011, Appellant pleaded guilty to aggravated indecent assault/complainant unconscious, incest, corruption of a minor, and unlawful contact with a minor.[1] These charges arose from "sexual contact

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3125(a)(4), 4302, 6301(a)(2), 6318(a)(1). The trial court's opinion stated Appellant also pleaded guilty to aggravated assault/complainant unconscious, but a review of the certified record does not indicate there was such a plea. *See* Trial Ct. Op., 10/2/15, at 1.

with his [fifteen-year old] half sister."[2]  Trial Ct. Op. at 1.  On February 6, 2012, the trial court imposed the following sentences: (1) for aggravated indecent assault, a felony of the second degree, one to two years' imprisonment in a state correctional institution and a consecutive one year's probation; (2) for incest, the same term, to run concurrently; (3) for corruption of a minor, a concurrent one to two years' imprisonment in a state correctional institution; and (4) for unlawful contact with a minor, twelve months' probation, to run consecutive to the corruption of a minor sentence.

On December 16, 2014, Appellant appeared for a probation revocation hearing.[3]  The probation department[4] averred Appellant had tested positive for and admitted to marijuana use and "was unsuccessfully discharged" from a court-ordered outpatient sex offender treatment "due to admissions" during "a maintenance polygraph" concerning "a new victim,"[5] and that

---

[2] At the time of the incident, Appellant was eighteen years old.

[3] The original sentence of February 6, 2012 was imposed by the Hon. Jeannine Turgeon.  The instant probation revocation proceedings were conducted by the Hon. Todd A. Hoover, President Judge.

[4] The transcript identifies the witness from the probation department only as "Ms. Persing," and does not specify whether she was Appellant's probation officer.  *See* N.T. Revocation H'rg, 12/16/14, at 2.

[5] The probation department subsequently stated, however, that Appellant was discharged from the treatment program due to "a new disclosure **prior** to the polygraph."  N.T. at 9 (emphasis added).

these "new admissions" were "currently being pursued under new criminal charges."[6]  *Id.* at 5, 7.

With respect to the polygraph, Appellant's counsel responded that Appellant "was concerned that they were inquiring into events that weren't related to the charges for which he was on probation" and "they're not allowed to get into [certain areas] with these polygraphs."  *Id.* at 6, 7. Appellant denied there was "a new victim," averring that, with a group of people present, an individual kissed him, he "pushed [her] away," he checked "Facebook the next day[,] found out she was 17," and told her, "[D]on't talk to me until you are 18."[7]  *Id.* at 8, 9.  Appellant also stated he had "two checks . . . at home" for paying his fines.  *Id.* at 6, 8. Furthermore, he averred that while in prison, he completed victim awareness and drug and alcohol programs, and that "[t]hey threw [him] in . . . sex offender treatment a little bit late" and thus did not have time to complete it, but nevertheless participated for five or six months.  *Id.* at 8-9.

Finally, the Commonwealth averred Appellant "was babysitting children ages 1, 3 and 5," which "violate[d] his no minor contact."  *Id.* at 11.  In response, Appellant explained, "I had a relative who I worked with.  We were at his home."  *Id.*  However, Appellant conceded he was "not to be around minors."  *Id.*

---

[6] No further information about the new criminal charges was disclosed.

[7] At the time of the revocation hearing, Appellant was twenty-two years old.

The trial court found Appellant in violation of probation and revoked his probation. The court then immediately imposed the instant sentence of one to two years' imprisonment in a state correctional institution for aggravated indecent assault and a consecutive one year's probation for corruption of a minor.

Appellant filed a timely post-sentence motion, arguing his sentence was excessive and should be reduced. The trial court denied the motion. Appellant did not initially file an appeal, but on February 20, 2015, filed a counseled petition under the Post Conviction Relief Act[8] to reinstate his direct appeal rights *nunc pro tunc*. The court granted the petition and this timely appeal followed.[9]

On appeal, Appellant argues "his sentence was excessive and unreasonable and constitutes too severe a punishment." Appellant's Brief at 13. In support, he avers the following. At the revocation hearing, he "informed the court that he had the money . . . available to pay off his fines and costs," and his "discharge from sex offender treatment was a result of care providers [sic] inquiring into impermissible areas, protected by the Fifth Amendment to the United States Constitution, during a polygraph." ***Id.***

---

[8] 42 Pa.C.S. §§ 9541-9546.

[9] Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Furthermore, we note the trial court issued an opinion after the appellate briefs were filed with this Court; the court transmitted the opinion as a supplemental record to this Court.

"While incarcerated, Appellant completed the Victim Awareness and Drug and Alcohol programs." *Id.* Furthermore, the "new disclosure which contributed to his failure to complete sex offender treatment dealt with being unilaterally kissed by [a seventeen-year old] individual . . . at a party." *Id.* However, Appellant "pushed [her] away and said they had to wait until she was eighteen." *Id.* at 13-14. Finally, Appellant asserts he "accepted responsibility for his actions and stated that he learned a great deal from the sex offender program," and that he "assured the court he would not reoffend." *Id.* at 14. We find no relief is due.

Preliminarily, we note Appellant's claim is a challenge to the discretionary aspects of sentencing. He raised this issue in his post-sentence motion, his appellate brief includes a Pa.R.A.P. 2119(f) statement of the reasons relied upon for allowance of appeal, and he raises a substantial question. Thus, he has preserved this issue for our review. *See Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (stating that to reach merits of discretionary aspect of sentence issue, we must confirm, *inter alia*, appellant preserved issue, appellate brief includes Pa.R.A.P. 2119(f) statement of reasons relied upon for allowance of appeal with respect to discretionary aspects of sentence, statement raises substantial question that sentence is not appropriate under sentencing code, and that claim that probation revocation sentence is excessive in light of underlying technical violations can present substantial question that we

should review[10]), *appeal denied*, 109 A.3d 678 (Pa. 2015)

We consider the relevant standard of review:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Id.* at 1043 (citation omitted).

"Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b)." **Colon**, 102 A.3d at 1044. In imposing sentence after revocation of probation,

> the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721.
>
> . . . [U]pon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the [initial] sentence, although . . . the court shall not impose a sentence of total confinement unless it finds that:

---

[10] As stated above, the probation department averred at the revocation hearing that criminal charges were commenced for admissions arising during Appellant's polygraph interview. However, no further information about any new case was disclosed, and the trial court made no further mention of the new charges at the hearing or in its opinion. Accordingly, we presume the court's sentence of incarceration was not based on the new charges.

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.
>
> 42 Pa.C.S. § 9771(c).

***Commonwealth v. Pasture***, 107 A.3d 21, 27-28 (Pa. 2014) (some citations omitted).

In the instant matter, the trial court considered "that on October 22, 2014, [Appellant] tested positive for, and admitted use of, marijuana," as well as his admission to "having unsupervised contact with the children of a relative." Trial Ct. Op. at 2. Appellant does not acknowledge either of these facts on appeal or the fact that—although he allegedly had the funds—he did not pay the fines. Furthermore, the arguments he does present on appeal are the same as those presented to the trial court at the revocation hearing. In its opinion, the court reasoned:

> The court properly considered [Appellant's] lack of successful rehabilitation based upon his discharge from sexual offenders' treatment related to contact with a 17 year old. [Appellant] readily admitted that his contact with minors violated the conditions of parole, but appeared to lack awareness of the seriousness of such violations. [Appellant's] choices to violate the conditions reflected to the court a propensity to repeat his prior sexual misconduct.

***Id.*** at 3. Finally, the court considered that the sentence imposed was "well

below [the term] which [Appellant] could have received for a second degree felony . . . , ten years imprisonment." *Id.* at 2 (citing 18 Pa.C.S. § 1103).

After reviewing the transcript of the revocation hearing, the trial court's opinion, and the parties' briefs, we find no relief is due. The trial court properly noted that upon revoking Appellant's probation, it "ha[d] available to it all the options permissible at the time of initial sentencing." *See Pasture*, 107 A.3d at 27-28; Trial Ct. Op. at 2. For the reasons cited by the trial court, we hold the imposition of one to two years' imprisonment in a state correctional institution and one year's probation is not an abuse of discretion. *See Colon*, 102 A.3d at 1043.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2015