J-S20031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANE MICHAEL GILLMEN, | |
| Appellant | No. 1253 WDA 2015 |

Appeal from the Judgment of Sentence July 1, 2015
in the Court of Common Pleas of Jefferson County
Criminal Division at Nos.: CP-33-CR-0000008-2015
CP-33-CR-0000118-2015

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 3, 2016**

Appellant, Shane Michael Gillmen, appeals from the judgment of sentence entered on July 1, 2015, following revocation of his probation. Because Appellant's counsel failed to comply with the specific procedural requirements of **Anders** and **Santiago**,[1] or file a petition to withdraw, we remand.

Appellant contends that he committed a relatively minor technical violation of his probation, and therefore the court's imposition of a sentence of two and one-half to five years' imprisonment was excessive.  (**See**

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Appellant's brief, at 9-10). Our standard of review of a sentence following revocation of probation is limited to determining whether the trial court committed an error of law or an abuse of discretion. *See Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). Here, in Appellant's brief, counsel briefly discusses Appellant's claim, and concludes that "[A]ppellant's averments do not rise to the level of an abuse of discretion" and "the instant appeal is without merit and wholly frivolous. . . . based on a thorough review of the record, file and all matters associated with this case." (*Id.* at 10; *see id.* at 9-10). Counsel has not filed a petition to withdraw from representation.

Court-appointed counsel who seek to withdraw from representation must file a brief that meets the requirements of *Anders* and *Santiago*, and must petition the court for leave to withdraw.[2] *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009). Otherwise, counsel must file an advocate's brief.

_____

[2] Counsel must also provide a copy of the *Anders* brief and petition to withdraw to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007) (citation omitted); *see also Commonwealth v. Millisock*, 873 A.2d 748, 751–52 (Pa. Super. 2005) (requiring counsel to attach to petition to withdraw copy of letter sent to client advising of his rights).

We observe that counsel has failed to comply with these requirements, and accordingly, we are compelled to remand. Counsel shall have thirty days from the date of this Memorandum either to file a properly developed merits brief or a petition to withdraw and any supplemental **Anders** brief in compliance with **Anders** and **Santiago**. If counsel files a petition to withdraw, Appellant may file with this Court his own brief *pro se*, or by newly retained counsel, within forty-five days of the date current counsel files a new **Anders** brief and petition. **See Millisock**, **supra** at 752. The Commonwealth may respond to any brief filed on behalf of Appellant within thirty days of the date Appellant files his brief.

Case remanded. Panel jurisdiction retained.