J-S87020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HOLLY A. KASZUBA | |
| Appellant | No. 896 MDA 2016 |

Appeal from the Judgment of Sentence Dated May 3, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000262-2015

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

JUDGMENT ORDER BY SOLANO, J.:                    **FILED JANUARY 30, 2017**

Appellant, Holly A. Kaszuba, appeals from the judgment of sentence following her guilty plea to corruption of minors.[1]  She raises, for the first time on appeal, claims challenging the discretionary aspects of her sentence. We affirm.

Recitation of the facts underlying Appellant's conviction is unnecessary for our disposition of her sentencing claim.  On December 15, 2015, Appellant pleaded guilty.  On May 3, 2016, the court sentenced Appellant to one to two years' imprisonment followed by two years' probation, a minimum sentence above the standard range.  That day, Appellant filed a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6301(a)(1)(i).

motion for reconsideration of sentence, which requested that the court impose a minimum sentence in the standard range based upon her alleged completion of drug rehabilitation. The court denied the post-sentence motion on May 10, 2016. On May 18, 2016, the court issued a clarifying order that its sentence was consecutive to Appellant's sentence for an unrelated conviction.

Appellant timely appealed and timely filed a Pa.R.A.P. 1925(b) statement raising the following issues:

> A. Whether the sentence imposed was inappropriately harsh and excessive and an abuse of discretion?
>
> B. Whether the court failed to state on the record reasons or sufficient reasons for imposing a sentence in excess of the standard sentence range/in the aggravated range?

Appellant's Rule 1925(b) Statement. Appellant did not raise either issue in her post-sentence motion or at the sentencing hearing. She now reiterates both issues in her appellate brief.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Glass*, 50 A.3d 720, 726 (Pa. Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013). Instead, this Court has set forth an analytical framework under which we determine whether we may exercise our discretion to hear such an appeal:

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of

appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (citation omitted), ***appeal denied***, 109 A.3d 678 (Pa. 2015).

"Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Appellant admits that she did not preserve these issues in her post-sentence motion, but insists that her Rule 1925(b) statement preserved the issues for appeal. Appellant's Brief at 5. We disagree. It is well-established that a defendant cannot raise, for the first time, a discretionary challenge to a sentence in a Rule 1925(b) statement. ***Moury***, 992 A.2d at 170; ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003) ("a party cannot rectify the failure to preserve an issue by proffering it in" in a Rule 1925(b) statement). Because Appellant failed to preserve her issues before the trial court, she failed to satisfy the second prerequisite to appellate review under ***Colon***, 102 A.3d at 1042-43. We therefore may not exercise our discretion to resolve her sentencing claim. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/30/2017</u>