J. S15036/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM E. TRAVIS, | : | No. 2101 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 9, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0002337-2009

BEFORE:  STABILE, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 24, 2018**

William E. Travis appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on November 9, 2016, following revocation of his probation.  We vacate the judgment of sentence and remand for re-sentencing consistent with this memorandum.

The trial court set forth the following:

> On January 28th, 2010, [appellant] pled guilty to Forgery[1] before the Honorable Roxanne Covington, and was sentenced to five (5) years of probation. On November 11th, 2011, following [appellant's] first Violation of Probation ("VOP"), Judge Covington revoked [appellant's] probation and imposed a new sentence of five (5) years of probation.  Following the imposition of this sentence, [appellant's] probation was transferred to this Court.  On September 24th, 2014, following a second VOP hearing, this Court revoked [appellant's] probation

---

[1] 18 Pa.C.S.A. § 4101(a)(1).

and imposed a new sentence of five (5) years of probation. After [appellant] violated his probation for a third time, this Court sentenced [appellant] on November 9th, 2016 to three to six (3-6) years['] confinement following by one (1) year probation. [Appellant] filed a motion for reconsideration of the VOP sentence on November 21st, 2016, followed by a timely [PCRA[2]] petition on March 27th, 2017. This Court granted [appellant's] PCRA petition and reinstated his appellate rights on June 26th, 2017. [Appellant], through counsel, filed a Notice of Appeal to the Superior Court on June 30th, 2017. This Court issued a [Pa.R.A.P.] 1925(b) Order on July 11th, 2017, and [appellant] filed a [Rule 1925(b)] Statement of Errors Complained of on Appeal on July 17th, 2017.

Trial court opinion, 7/18/17 at unnumbered pp. 1-2.

Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

Did the trial court abuse its discretion by finding [a]ppellant in technical violation when the evidence presented at the [VOP] hearing did not establish a violation occurred and if such violation occurred the trial court did abuse its discretion by sentencing [a]ppellant to an excessive and unreasonable three to six year sentence when the record is lacking in justification for the sentence?

Appellant's brief at 3.

In reviewing a revocation of probation, we employ the following standard of review:

Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse

---

[2] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

> of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

*Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa.Super. 2014) (quotation marks and citations omitted).

Here, the record reflects that Theresa Slaughter,[3] the mother of two of appellant's children (ages six and two), obtained a protection from abuse ("PFA") order against appellant on August 15, 2016, in connection with an incident that occurred on August 10, 2016. (Notes of testimony, 11/9/16 at 5, 9, 15; *Gagnon II* summary, 8/24/16 at 2.) The PFA order was the impetus for the VOP hearing. At the hearing, Ms. Slaughter testified as to the facts that gave rise to the entry of the PFA order. Ms. Slaughter testified that appellant had brought his new girlfriend to her home and "[w]e had an altercation in my home with his -- another girl." (Notes of testimony, 11/9/16 at 6.) During Ms. Slaughter's direct examination, she indicated that appellant was somehow involved in the altercation, that she did not know the extent of appellant's involvement in the altercation, but that she knew

---

[3] The VOP hearing transcript identifies the complainant as "Theresa Slaughter." The August 24, 2016 *Gagnon II* summary, however, identifies the complainant as "Dareisha Slaughter."

that she and appellant's new paramour "had a fight." (*Id.* at 6-7.) Following testimony, the trial court found appellant in technical violation of his probation, revoked appellant's probation, and sentenced appellant to three to six years of imprisonment, followed by one year of probation. (*Id.* at 19.)

Appellant contends that the trial court found a probation violation "based on scant information" and that "there is no information indicating [a]ppellant ever assaulted [Ms. Slaughter] or much less an arrest being made." (Appellant's brief at 16.) Appellant further contends that "[i]t is unclear whether the court found a violation of the PFA [order] or an assault had occurred." (*Id.*) In its brief, the Commonwealth "agrees with [appellant] that the evidence was insufficient to support his revocation of probation, because it did not establish that he assaulted Ms. Slaughter." (Commonwealth's brief at 5.)

Our review of the record reveals that the trial court based its revocation of appellant's probation on insufficient evidence of a technical violation of his probation because the evidence presented merely demonstrated that appellant's new girlfriend and his former paramour engaged in a physical altercation with each other. Although the record reveals that appellant was present during this physical altercation between the two women, it does not demonstrate that appellant participated or that he physically assaulted Ms. Slaughter.

Therefore, because the Commonwealth failed to show by a preponderance of the evidence that appellant was in technical violation of his probation, we are constrained to find that the trial court erred in revoking appellant's probation.

Judgment of sentence vacated. Case remanded for re-sentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/18