J-S01026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAZELL TRUSS | : | |
| | : | |
| Appellant | : | No. 1678 EDA 2019 |

Appeal from the PCRA Order Entered May 17, 2019,
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s):  CP-48-CR-0002705-2017.

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 03, 2020**

Mazell Truss appeals *nunc pro tunc* from the judgment of sentence entered following her guilty plea.   On appeal, Truss challenges the discretionary aspects of her sentence.  Upon review, we affirm.

On June 2, 2017, Truss was driving in Easton, Pennsylvania.  Truss sideswiped another vehicle causing an accident; she did not stop and continued driving.  While fleeing from that accident, and driving at a high rate of speed, Truss caused another accident just minutes later, involving her vehicle and two other vehicles.  The driver of one vehicle was killed.  Two other individuals in the third vehicle were injured.  The front seat passenger in Truss' vehicle also sustained serious injuries.  At the time of these accidents, Truss was under the influence of amphetamine and methamphetamine.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On January 19, 2018, Truss pled guilty to homicide by vehicle while driving under the influence, aggravated assault by vehicle while driving under the influence, accident involving death—not properly licensed, and driving under the influence (controlled substance).[1]  In exchange for her plea, the Commonwealth dropped twenty-two related charges.  On April 20, 2018, the court sentenced Truss to six years and three days to twenty years and six months of incarceration.[2]  Truss did not file a post-sentence motion or a direct appeal.

Thereafter, Truss filed a *pro se* PCRA petition.  Appointed counsel then filed an amended Post Conviction Relief Act petition requesting reinstatement of her direct appeal rights and the opportunity to withdraw her guilty plea based upon counsel's ineffectiveness.  At the PCRA hearing, after some discussion, Truss withdrew her request to withdraw her guilty plea.  The Commonwealth agreed to reinstate her direct appeal rights, and the trial court granted that relief.

Truss timely appealed.  Both the trial court and Truss complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Truss raises the following single issue:

Whether the [t]rial [c]ourt erred as a matter of law or abused its discretion in that the sentence imposed . . .  is manifestly excessive and unreasonable; and is not supported by any facts

---

[1] 75 Pa.C.S.A. §§ 3735(a), 3735.1(a), 3742.1(a), and 3802(d)(1).

[2] Truss was sentenced at two other dockets, however, Truss did not appeal those orders.

which may properly have been considered by the [c]ourt; and is based only upon the perceived seriousness of the offense to the exclusion of all other relevant facts; and is inconsistent with the Sentencing Code and/or contrary to the fundamental norms underlying the sentencing process.

Truss' Brief at 6.

Truss challenges the discretionary aspects of her sentence. This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, although Truss claimed that her sentence was excessive in her Pa.R.A.P. 2119(f) statement and Pa.R.A.P. 1925(b) concise statement, she did not raise this issue in a post-sentence motion or during the sentencing proceedings. [3] *Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa. Super.

[3] We note that when a PCRA court reinstates a defendant's direct appeal rights *nunc pro tunc*, the defendant is not automatically granted the right to file a post-sentence motion *nunc pro tunc*. *Commonwealth v. Liston*, 977 A.2d 1089 (Pa. 2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and

2011). As such, she failed to preserve this issue. Therefore, she did not meet the second element of the four-part test in **Colon**, and we cannot address the merits of here claim.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/20

---

proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. **Id.** at 1094 n. 9 (Pa. 2009). Here, Truss did not ask for restoration of her right to file a post-sentence motion in either her *pro se* PCRA petition or her counseled amended PCRA petition.