J-S07005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BOB POPE, | |
| Appellant | No. 786 MDA 2015 |

Appeal from the Judgment of Sentence April 10, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001507-2003

BEFORE:  BOWES, OTT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 16, 2016**

Bob Pope appeals from the April 10, 2015 judgment of sentence of eleven and one-half to twenty-three months incarceration followed by ninety-six months of probation that was imposed after his probation was revoked.  We affirm.

On November 3, 2003, Appellant entered a plea of *nolo contendere* to two counts each of criminal solicitation to commit various sexual offenses, including rape, statutory sexual assault, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, indecent exposure, and corruption of minors.  He also tendered the same plea to one count of criminal use of a communication facility.

_____

* Former Justice specially assigned to the Superior Court.

The factual basis for the plea was as follows. In January 2003, Special Agent Dennis T. Guzy with the Pennsylvania Office of Attorney General, in an attempt to search for people interested in child pornography and molesting children, placed an advertisement online that stated, "Married and Playing in PA." Affidavit of Probable Cause, 1/18/03, at 2. On January 14, 2003, Appellant responded by email to the advertisement indicating an interest in the posting. Agent Guzy answered that day and told Appellant that he was a father with a twelve-year-old daughter, a nine-year-old daughter, and a seven-year-old son. Appellant emailed back, "here's a pic of what I have to offer. [D]o you have pics of your girls/wife. What limits do you have for any of them. . . . What do they like to do. Hope to see you all soon at least in pics and also in person." *Id*. at 2-3.

On January 15, 2003, Appellant emailed Agent Guzy and stated, in pertinent part, "As for what I would like to do well. Have sex with both of your daughters, and wife. I enjoy using all three openings. . . . . [H]ow much experience have your daughters had . . . would they be willing to perform oral, vaginal and anal sex." *Id*. at 3. Appellant also said that he was "serious about wanting to meet with" the fictitious father. *Id*.

Agent Guzy and Appellant arranged to meet between 6:00 and 6:30 p.m. on January 17, 2003, at a designated hotel so that Appellant could engage in vaginal, oral, and anal sex with the two minor girls. Appellant arrived at the hotel at the pre-arranged time. Agent Guzy was posing as the

father of the pre-pubescent girls and another agent pretended to be their mother. "At that time the defendant again repeated his desires to engage in oral, anal and sexual intercourse with the 9 and 12 year old children." *Id*. at 4. Appellant was arrested.

On March 11, 2004, Appellant was sentenced to two to four years of imprisonment, followed by five years of probation. Appellant did not file a direct appeal. He filed a PCRA petition, and on May 23, 2007, was granted partial relief. The PCRA court concluded that Appellant had been sentenced on some crimes that should have merged for sentencing purposes. On August 1, 2007, Appellant was given the same sentence as he received on March 11, 2004, but that sentence was imposed on offenses that did not merge. On appeal, we affirmed. *Commonwealth v. Pope*, 974 A.2d 1189 (Pa.Super. 2009) (unpublished memorandum).

On January 12, 2009, Appellant appeared before the court on a probation violation, but the court declined to revoke probation. On January 19, 2011, Appellant again faced revocation proceedings. After a hearing, the trial court revoked probation and resentenced Appellant to an aggregate period of 24 to 48 month incarceration followed by 168 months probation. That revocation was based upon these probation violations by Appellant: discharge from a sex offender treatment program, contact with children under the age of eighteen, viewing pornography on a computer, and sleeping at an unapproved residence where children resided. On appeal, we

reversed and remanded for re-sentencing because the revocation sentence was imposed on counts that merged for sentencing purposes. *Commonwealth v. Pope*, 37 A.3d 1224 (Pa.Super. 2011) (unpublished memorandum). Upon remand, Appellant was sentenced on the non-merged offenses to two to four years imprisonment followed by ten years imprisonment. On appeal, we affirmed. *Commonwealth v. Pope*, 81 A.3d 990 (Pa.Super. 2013) (unpublished memorandum).

Appellant was charged with violating his probation again. This violation proceeding is the one pertinent herein. A hearing was held on March 20, 2015. Ray Walter, Appellant's probation officer, explained that the basis for the revocation was "missed counselling sessions and his discharge from counselling[.]" N.T. Hearing, 3/20/15, at 1. Officer Walter noted that Appellant appeared before the trial court when his probationary term started on October 15, 2014, and that "standard sex offender conditions were imposed" as part of Appellant's probation. *Id*. at 3. While Appellant completed an intake form for sexual offenders' treatment, at Commonwealth Clinical Group, a required condition for sex offenders, he did not appear for any appointments after completing that form. *Id*. Appellant's inaction resulted in discharge from the Commonwealth Clinical Group's sex offenders' treatment program.

Appellant reported that he had obtained a job in Chambersburg, which was a substantial distance from the Commonwealth Clinical Group, and he

wanted to attend counseling and obtain an apartment in Chambersburg. Appellant claimed that he tried to arrange for counseling at Commonwealth Clinical Group but that it had no Friday openings which was Appellant's only day off work. The trial court asked Agent Walters to ascertain if there was a sexual offenders' counseling center closer to Chambersburg so that Appellant could retain his job at that location but attend counseling. Another hearing was scheduled for April 10, 2015, and Appellant was placed in jail in the interim.

On April 10, 2015, Probation Officer Walters testified as follows. He looked at the apartment in Chambersburg that Appellant wanted to rent, and the landlord told Officer Walters that there "is bad blood between the defendant and the landlord . . . and the landlord is not going to accept him as a resident." N.T. Hearing, 4/10/15, at 6. Officer Walters also spoke to a representative of Pennsylvania Counseling, the sexual offenders' counseling center in Chambersburg. Officer Walters reported, "The gentleman who runs PA Counseling in Chambersburg knows Mr. Pope very well. He is very reluctant to take him back." *Id*. at 5. Appellant needed weekly sessions, which is standard for sexual offenders, but Pennsylvania Counseling would not accept him for any more than two sessions a month. *Id*. Officer Walters recommended that Appellant remain incarcerated and attend counseling at Commonwealth Clinical Group.

The court revoked probation and sentenced Appellant to eleven and one-half to twenty-three months of incarceration at the Dauphin County Prison with work release so that Appellant could attend sexual offenders' counseling. The prison term was followed by ninety-six months county probation. This appeal followed. Appellant raises one contention on appeal: "Whether the revocation court erred in revoking Appellant's probation where the alleged violations stemmed from logistical reasons beyond Appellant's control though Appellant exercised due diligence in attempting to comply with the requirements of supervision?" Appellant's brief at 4.

We first outline the applicable standard of review:

> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation. The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated. A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa.Super. 2014) (citations and quotation marks omitted). Where the Commonwealth has prevailed at a revocation hearing, we examine whether the evidence and all

reasonable inferences from that proof, viewed in the light most favorable to the Commonwealth, were sufficient to support the court's determination. *Id*.

In the present case, Appellant asks us to view the evidence at the revocation hearing in his favor. He claims that he attempted to attend counseling at Commonwealth Counseling Center but was unable to do so because he could not obtain an appointment for the only day he wasn't required to work. He suggests that his probation should not be revoked for something over which he had no control.

However, the Commonwealth's proof was as follows. Due to the nature of these crimes, sexual offenders' treatment four times a month was a requirement of Appellant's probation. Officer Walters testified that Appellant was told on October 15, 2014, that he had to go to these therapy sessions. As of the date of the first probation hearing five months later, Appellant had not attended any counseling. There was actually a sex offender's counseling facility in Chambersburg, where Appellant worked, but Appellant made no effort to contact that facility. Appellant alienated both the director of the Chambersburg counseling center and his landlord and had no suitable housing in the Chambersburg area. Finally, Appellant had no proof that he contacted Commonwealth Counseling Center to arrange for sex offenders' treatment.

The trial court's resolution of this matter was not an abuse of discretion. The Commonwealth's proof was sufficient to establish, by a preponderance of the evidence, that Appellant was not meeting the terms of his probation. Appellant's probation was revoked in 2011 for failing to complete therapy, and after he began to serve this probationary term, he did not schedule a single sex offenders' therapy session for five months. He made no attempt to ascertain if treatment was available in the area where he worked. It was evident that probation was not going to be effective to treat Appellant's behavioral issues because he would not attend sex offenders' therapy on his own accord.

In light of Appellant's conduct, the trial court concluded that he needed to be placed in county prison and released to counseling in the Harrisburg area, where his probation was being supervised and where Commonwealth Counseling Center could offer sessions four times a month. We must grant great deference to a sentence imposed by the revocation court after a defendant has violated his probation. *Commonwealth v. Pasture*, 107 A.3d 21 (Pa. 2014). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/16/2016