J-S12003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KAITLYN JOANNE MANGONE | |
| Appellant | No. 2474 EDA 2015 |

Appeal from the Judgment of Sentence June 26, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002546-2014

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                  **FILED MARCH 04, 2016**

Appellant, Kaitlyn Joanne Mangone, appeals from the June 26, 2015 aggregate judgment of sentence of one to two years' imprisonment, followed by three years' probation, imposed following the revocation of her prior probation sentence.  After careful review, we affirm.

The trial court set forth the facts and procedural history of his case as follows.

> [Appellant] was originally arrested for offenses committed on June 3, 2014.  [Appellant] was charged with Aggravated Assault, 18 Pa.C.S.A. § 2702(a)(2), Simple Assault, 18 Pa.C.S.A. § [2701](a)(1), Harassment—Subject Other to Physical Contact, 18 Pa.C.S.A. § 2709(a)(1), Public Drunkenness and Similar Misconduct, 18 Pa.C.S.A. § 5505, and Aggravated Assault, 18 Pa.C.S.A.

_____

[*] Retired Senior Judge assigned to the Superior Court.

§ 2702(a)(3). On August 29, 2014, [Appellant] … pled guilty to Aggravated Assault, 18 Pa.C.S.A. § 2702(a)(3). In return, the Commonwealth withdrew the other four charges.

[That same day], [Appellant] was sentenced to a period of incarceration for a minimum of three months to a maximum of six months and a period of supervision for a maximum of twelve months. [Appellant] was also given credit for her time served and ordered to pay court costs and fines totaling $1,475.69.

[Appellant's] Petition for Parole was approved on October 8, 2014 and became effective on October 9, 2014. [Appellant] was released on parole. Northampton County Probation Department filed a Petition for Review of [Appellant's] parole on December 26, 2014 after [Appellant] received a new charge. A *Gagnon II*[1] hearing was held on February 13, 2015 as a result of the new charge and technical violations. As a result, [Appellant] was found a willful violator of her supervision and a strict compliance order was entered. [Appellant] was released from Northampton County Prison following the *Gagnon II* hearing.

Another *Gagnon II* hearing was held on June 26, 2015 in regard to [Appellant's] technical violations of supervision since being released after the first *Gagnon II* hearing. [Appellant's] Probation Officer, Christiana Buniak [], testified at the June 26, 2015 *Gagnon II* hearing. Buniak stated that [Appellant's] technical violations included: failing to report as directed, failing to enroll in treatment, failing to submit to random urine screens, failing to comply with mental health treatment, failing to provide a verifiable address, and failing to make payments, as [Appellant] still owes $1,435.69.

_____

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

- 2 -

Specifically, after [Appellant] was released on February 13, 2015, [Appellant] failed to report to Buniak's office until April 9, 2015. When [Appellant] finally reported to Buniak on April 9, 2015, [she] tested positive for heroin, methamphetamine, and marijuana and admitted to drinking alcohol. [Appellant] was advised to immediately get a Drug and Alcohol Evaluation, and she did so on April 16, 2015. The Drug and Alcohol Evaluation recommended intensive outpatient treatment, but [Appellant] never enrolled in treatment and missed three appointments in connection with the evaluation's recommendation for intensive outpatient treatment. Moreover, on April 23, 2015, [Appellant] was given notice of a *Gagnon I* hearing to be held on May 7, 2015. [Appellant] missed her appointment with Buniak on May 6, 2015 and did not appear for the *Gagnon I* hearing on May 7, 2015. As a result of her failure to appear, a bench warrant was issued and [Appellant] was subsequently picked up on the bench warrant.

Buniak also recommended that [Appellant] be sentenced to a state correctional facility. Buniak reasoned that due to [Appellant's] "mental health and drug issues … the State system would be able to help her out a little bit more." Further, Buniak stated that [Appellant's] maximum date of supervision remained December 4, 2015.

At the June 26, 2015 *Gagnon II* hearing, [Appellant] stated that she was approximately sixteen weeks pregnant and was interested in pursuing intensive outpatient or inpatient treatment. When asked why she did not go to treatment following her April 2015 Drug and Alcohol Evaluation or prior to the evaluation, [Appellant] responded that she had just discovered her pregnancy and consequently, she stated, "I wasn't in my right state of mind. I didn't know how to … handle the situation. I was very upset, and I just kind of blocked out the whole world." [Appellant] also indicated that she is currently treated for post-traumatic stress disorder and bipolar disorder.

- 3 -

Additionally, [Appellant] testified that she has not used drugs since finding out she was pregnant.

Following the June 26, 2015 *Gagnon II* hearing testimony, the [trial court] revoked [Appellant's] probation and resentenced [Appellant] to a period of incarceration in a state correctional facility for a minimum of twelve months to a maximum of twenty-four months, followed by a period of State supervision of thirty-six months.

Trial Court Opinion, 10/1/15, at 1-4 (citations omitted). On July 1, 2015, Appellant timely filed a motion for reconsideration of sentence, which the trial court did not act on. *See generally* Pa.R.Crim.P. 708(E). Thereafter, on July 24, 2015, Appellant timely filed a notice of appeal.[2]

On appeal, Appellant presents the following issue for our review.

Did the trial court commit a clear abuse of discretion, a fundamental error in applying the correct law, or a violation of Constitutional rights and impose a sentence which is manifestly excessive; or the result of actions by the sentencing court was inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process; or the judgment is so manifestly unreasonable or the result of partial[it]y, prejudice, bias or ill will as shown by the evidence of record that it cannot stand by virtue of failing to consider the mitigating evidence presented by [Appellant?]

Appellant's Brief at 5.

We review a trial court's sentence imposed following the revocation of probation for an error of law or an abuse of discretion. *Commonwealth v.*

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

*Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). "[Our] scope of review in an appeal from a revocation of sentencing includes discretionary sentencing challenges." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." ***Commonwealth v. Burns***, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*) (citation omitted), *appeal denied*, 8 A.3d 341 (Pa. 2010).

Appellant does not dispute that she violated her probation. Instead, she claims that the trial court abused its discretion when it revoked her probation and sentenced her to one to two years' imprisonment, followed by three years' probation. Appellant's Brief at 11-12. This challenge to the discretionary aspects of a sentence is not appealable as of right. ***Colon***, ***supra*** at 1042. Instead, an appellant must petition for permission to appeal. ***Id.*** We evaluate the following factors to determine whether to grant permission to appeal a discretionary aspect of sentencing.

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [as required by Rule 2119(f) of the Pennsylvania Rules of Appellate

> Procedure]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his [Rule 2119(f)] concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). Further, "[i]f a defendant fails to include an issue in his [or her] Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." *Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013).

Here, Appellant filed a timely notice of appeal and preserved her discretionary sentencing challenges in her timely post-sentence motion and Rule 1925(b) concise statement. However, Appellant's brief did not include a separate Rule 2119(f) concise statement of the reasons relied upon for allowance of appeal. Moreover, the Commonwealth, in its brief, objected to Appellant's failure to include a Rule 2119(f) statement in her brief. Commonwealth's Brief at 6. Consequently, we are precluded from addressing the discretionary aspects claim. *See Edwards*, *supra*; *Karns*, *supra*.

Based on the foregoing, we conclude Appellant did not preserve her sole issue on appeal. Accordingly, we affirm the trial court's June 26, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016