J-S09025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TARA M. ANDERSON | : | |
| | : | |
| Appellant | : | No. 1009 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 8, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000297-2014

BEFORE:   PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 25, 2019**

Tara M. Anderson appeals from her judgment of sentence, entered in the Court of Common Pleas of Venango County, following the revocation of both probation and parole on docket number CP-61-CR-0000297-2014 (number 297). On appeal, Anderson challenges the discretionary aspects of her sentence.  After careful review, we affirm.

On August 14, 2014, Anderson pleaded guilty under docket number 297 to driving under the influence—highest rate of alcohol[1] for which she received two days' to six months' incarceration followed by four and one-half years' probation.  On March 14, 2018, Anderson pleaded guilty to possession of drug

_____

[1] 75 Pa.C.S.A. § 3802(c).

_____
* Retired Senior Judge assigned to the Superior Court.

paraphernalia[2] on docket number MJ-28303-CR-0000046-2018.  As a result,

the Commonwealth petitioned to revoke Anderson's probation.  At Anderson's

***Gagnon II***[3] hearing on March 22, 2018, she stipulated to directly and

indirectly violating her probation by being arrested in possession of a syringe

which she had used to inject methamphetamine.  N.T. ***Gagnon II*** Hearing,

3/22/18, at 4.  On June 8, 2018, Anderson was re-sentenced to two to five

years' incarceration.  The court found Anderson eligible for the Recidivism Risk

Reduction Initiative (RRRI) program, which, if completed successfully, would

adjust her minimum sentence to eighteen months' incarceration.[4]  On June

27, 2018, Anderson filed a timely motion for modification of sentence, which

was denied on July 9, 2018.  On July 10, 2018, Anderson filed a notice of

appeal, and thereafter complied with Pa.R.A.P 1925(b).

Anderson raises the following issue on appeal:  "Is the sentence imposed

upon [Anderson] unreasonable, manifestly excessive[,] and thus[,] an abuse

of discretion?"  Brief of Appellant, at 9.

_____

[2] 35 P.S. § 780-112(a)(32).

[3] In a ***Gagnon II*** hearing, the court renders a final decision as to whether to revoke probation or parole.  ***Gagnon v. Scarpelli***, 411 U.S. 788 (1973).

[4] RRRI enables eligible, non-violent offenders to reduce their minimum sentences if they complete recommended programs and maintain good conduct.  ***See*** 61 Pa.C.S.A. §§ 4501–4512.  Under the RRRI program, the minimum sentence is reduced to three-fourths of the original minimum sentence if that sentence is for fewer than three years.  61 Pa.C.S.A. § 4505(c)(2).

Anderson's sole claim challenges the discretionary aspects of her sentence. There is no absolute right to appellate review of the discretionary aspects of sentencing. Rather, an appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa. Super. 2014).

> Before we reach the merits of this issue, we must engage in a four[-]part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved [her] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 1042–43, quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.").

Here, Anderson preserved her claim by filing a post-sentence motion and a timely notice of appeal. Additionally, her brief contains a statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Anderson raises a substantial question for our review.

"[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 81 A.3d 1, 10 (Pa. Super. 2013) (citation and quotation omitted). In her Rule 2119(f) statement, Anderson argues "the sentence imposed was unreasonably harsh and manifestly excessive" and states she "believes the sentencing court did not adequately consider the evidence presented at the sentencing hearing." Brief of Appellant, at 15.

Anderson's claim fails to raise a substantial question. It is well-settled that an appellant must articulate the specific manner in which the sentencing court's actions violated the sentencing code. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). Bald assertions of sentencing error will not suffice. *Id.* Moreover, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Radecki*, 180 A.3d 441, 469 (Pa. Super. 2018) (citations omitted). Accordingly, Anderson's claim fails.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

- 4 -

Date:  3/25/2019