J-S05043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAEDAN WIGGINS | : | |
| | : | |
| Appellant | : | No. 1607 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 10, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003184-2017

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED:  JUNE 4, 2021**

Jaedan Wiggins appeals from the judgment of sentence entered following the revocation of his probation. He challenges the discretionary aspects of his sentence. We affirm.

Wiggins pled guilty to simple assault and terroristic threats on February 16, 2018.[1] The trial court sentenced him to nine to 23 months' incarceration for simple assault and a consecutive term of 24 months reporting probation for terroristic threats. The trial court granted Wiggins parole in June 2018, but revoked it in March 2019, and sentenced him to serve the remaining time of his sentence.

In August 2019, the trial court granted Wiggins parole a second time. However, approximately six months later, in February 2020, the probation

---

[1] 18 Pa.C.S.A. §§ 2701(a)(2) and 2706(a)(1), respectively.

department filed a petition to revoke Wiggins's parole/probation. By the time of Wiggins's **Gagnon II** hearing, Wiggins had completed his sentence for simple assault, and was on probation.[2] N.T., **Gagnon II** Hearing, 7/10/20, at 2. The probation officer testified that Wiggins had admitted to smoking marijuana and had "tested positive for urines." **Id.** at 3. The probation officer also testified that mental health treatment was a condition of Wiggins's probation, and although Wiggins had entered treatment, he "was unsuccessfully discharged for disrespecting staff, cursing at the [d]irector." **Id**. Wiggins also failed to obtain a court-ordered drug and alcohol evaluation. **Id.** at 8. In addition, Wiggins had been arrested on new charges and ultimately pled guilty to harassment. **Id.** at 3, 4.

Defense counsel argued that Wiggins used drugs to self-medicate his mental health disorders. **Id.** at 12. Counsel also made note of Wiggins's young age, that he had started taking medication for his mental illnesses, and that the medication had helped his mood. **Id.**

The trial court revoked Wiggins's probation and sentenced him to one to three years' incarceration with credit for time served. **Id.** at 13. Wiggins filed a motion for reconsideration arguing that the trial court "failed to consider mitigating factors, and/or [the sentence] is manifestly excessive or inconsistent with the Pennsylvania Sentencing Code." Defendant's Motion for

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

Reconsideration of Sentence, filed 7/14/20, at ¶ 8. The trial court denied the motion and this appeal followed.

Wiggins raises one issue: "Did the Trial Court err when it imposed a sentence that failed to consider mitigating factors, and/or was manifestly excessive or inconsistent with the Pennsylvania Sentencing Code?" Wiggins's Br. at 6 (suggested answer omitted).

Wiggins' claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa.Super. 2013). "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Davis*, 241 A.3d 1160, 1177 (Pa.Super. 2020) (citation omitted).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa.Super. 2008). Before we may review the merits of a challenge to discretionary aspects of sentencing, we must determine whether: 1) the appeal is timely; 2) the issue is preserved; 3) the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) the appellant raises a substantial question. *Commonwealth v. Colon*, 102 A.3d 1033, 1042-1043 (Pa.Super. 2014). "[I]f the appeal satisfies each of these four requirements, we will then proceed

to decide the substantive merits of the case." *Id.* (quoting *Austin*, 66 A.3d at 808).

Wiggins's appeal is timely, he preserved his issue in a post-sentence motion, and his brief includes a Rule 2119(f) statement. We now must determine whether he has presented a substantial question. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa.Super. 2013) (citation omitted).

Wiggins argues that his sentence "was inconsistent with the Pennsylvania Sentencing Code, 42 Pa.C.S. § 9771(c), and was contrary to the fundamental norms which underlie sentencing." Wiggins's Br. at 16. Reading this statement generously, this is a claim that his sentence violates Section 9771(c). That provision prohibits a court from imposing a sentence of total confinement unless it finds that "(1)the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c). This is a substantial question. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa.Super. 2006).

On the merits, Wiggins maintains that the court improperly failed to take into account his age, mental health diagnoses, and the nature of his violations,

and did not consider sentencing alternatives other than total confinement, in fashioning his probation violation sentence. This is not the issue he asserted in his Rule 2119(f) statement. We have not granted review of the questions to which he has devoted the argument section of his brief, and we cannot look beyond the Rule 2119(f) statement to determine whether the appellant asserts a question on which we should grant review. *See Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa.Super. 2012). Furthermore, his brief includes no developed argument on the question he asserted in his Rule 2119(f) statement; he has abandoned and waived that issue. *See Commonwealth v. Spotz*, 18 A.3d 244, 323 (Pa. 2011). We therefore affirm.

Judgment of sentence affirmed.

Judge Lazarus joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/21