J-A16015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRED CAMACHO | : | |
| | : | |
| Appellant | : | No. 327 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 11, 2021,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0000506-2020.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                  **FILED SEPTEMBER 10, 2021**

Fred Camacho appeals from the judgment of sentence imposed after pleading *nolo contendere* to aggravated assault with a deadly weapon.[1]

The pertinent facts follow.  On January 6, 2020, at 415 E. Fourth Street, Boyertown, Berks County, Pennsylvania, Camacho got into a physical altercation with his wife, Elizabeth Camacho.  During this altercation, Camacho opened a kitchen cabinet drawer, pulled out a red-handled, kitchen knife, and sliced Mrs. Camacho on her right hand.  A cut on her finger required medical

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(4).

attention. *See* Trial Court Opinion, 3/19/21, at 3. Camacho was arrested and charged.[2]

Camacho pled *nolo contendere* pursuant to an open plea agreement. The trial court sentenced Camacho to 27 months to 7 years with credit for 370 days. Camacho filed a post-sentence motion, which was denied.

Camacho filed this timely appeal. Camacho and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Camacho raises a single issue for our consideration challenging the discretionary aspects of his sentence. This Court has stated that challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). To reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [Camacho] preserved his issue; (3) whether [Camacho's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide he substantive merits of the case.

---

[2] In addition to aggravated assault with a deadly weapon, Camacho was also charged with aggravated assault, 18 Pa.C.S.A. § 2702(a)(1), and strangulation, 18 Pa.C.S.A. § 2718(a)(1), but the Commonwealth agreed to dismiss these charges.

- 2 -

***Commonwealth v. Colon***, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (quoting ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Camacho has satisfied the first and third requirements of ***Colon***. However, because Camacho sets forth several reasons why the trial court abused its discretion in sentencing him, we must review each one for compliance with the remaining requirements of ***Colon***.

In his Rule 2119(f) statement, Camacho first claims that his sentence was excessive because the trial court impermissibly considered the dismissal of the lead charges as a factor in fashioning Camacho's sentence. Camacho's Brief at 15. Additionally, he claims that his sentence was excessive because the trial court failed to consider a number of mitigating factors, particularly that his felony robbery occurred 38 years ago when he was 19. As a result, the court failed to give him an individualized sentence contrary to the mandate of the Sentencing Code. Camacho's Brief at 15-16.

Upon review of the record, we observe that the only claim which Camacho preserved for our review, thereby satisfying the second requirement under ***Colon***, is his claim regarding the trial court's failure to consider mitigating factors.[3] Accordingly, we will consider whether only this claim raises a substantial question.

An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the [S]entencing

---

[3] Camacho failed to raise the other claims at the trial court in his post-sentence motion.

[C]ode or is contrary to the fundamental norms of the sentencing process."

***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

> This Court has held that:

> a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. However, prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court "failed to consider" or "failed to adequately consider" sentencing factors has been less than a model of clarity and consistency....

> This Court has ... held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.

***Commonwealth v. Caldwell***, 17 A.3d 763, 769–70 (Pa. Super. 2015) (internal quotation marks and citations omitted).

Here, Camacho claims that the trial court did not adequately consider certain mitigating factors. In particular, Camacho argues that the trial court should have given more weight to the fact that his felony robbery conviction, which increased his prior record score, occurred 38 years ago when he was only 19. This claim goes to the weight of the factors, not the trial court's failure to consider relevant factors. This argument does not raise a substantial question, and we will not consider the merits of it.

Even if we were to consider the merits, we would conclude that the trial court did not abuse its discretion in sentencing Camacho.[4]

Notably, the trial court had the benefit of a pre-sentence report and considered it when sentencing Camacho. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Additionally, counsel for both sides highlighted facts relevant to their party's position regarding sentencing. The trial court specifically remarked that it considered Camacho's argument regarding mitigation. N.T., 1/11/21, at 25. The court further explained:

---

[4] Our standard of review of a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

> The Court considered the assaultive nature of the circumstances and the fact injury resulted, the fact that this type of behavior was not unusual within the relationship from both defendant and victim, as evidenced by the pictures introduced by the defense of injury to the defendant from a prior altercation and the defendant's conviction for a simple assault on the same victim in June of 2019, and that alcohol was involved. It was also considered that a PFA was in effect at the time of the incident, although the defendant claims having been informed by the victim that she had lifted it. The court, over the Commonwealth's objection, reviewed the letters from friends and family of the defendant. Defense counsel presented background information about the defendant including his age and steady employment. Further, it was considered that the defendant's criminal record was lengthy but also that he had remained crime free for approximately ten years until entering a relationship with the victim. Additionally, the Court considered the age of the dominant offense leading to a prior record score of five.

Trial Court Opinion, 3/19/21, at 5. Considering all of these factors, the trial court did not impose the shorter sentence Camacho requested given the mitigating factors, but it also did not impose the longer sentence the Commonwealth requested. *Id.* at 4-5. The trial court imposed a sentence at the bottom of the standard range. Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010).

Furthermore, although the trial court noted that a plea agreement had been made, it clearly did not base its sentence upon the dismissed charges. Instead, the trial court considered all relevant factors and gave Camacho an individualized sentence.

Based upon the foregoing we would find that the trial court did not abuse its discretion when it sentenced Camacho, and that his claims are meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/10/2021