J-S12008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY TYLER FOX | : | |
| | : | |
| Appellant | : | No. 1141 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 24, 2022,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0001077-2022.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 11, 2023**

Anthony Tyler Fox appeals from the judgment of sentence imposed after

he pled no contest to numerous sex offenses.  Upon review, we affirm.

The trial court briefly summarized the facts in this case.

[B]etween July and December of 2021, at numerous locations within Lancaster County, [Fox] engaged in various sex acts with four minors—including his biological daughter, his niece, and his nephew—in addition to possessing 2,833 images and videos of child pornography contained on a plethora of electronic devices. Of those 2,833 images and videos, [Fox] created 539 of them himself with his four minor victims.

The content of [Fox's] child pornography cache is utterly and completely abhorrent, and its gravity and magnitude cannot be understated: a brief synopsis includes [Fox] vaginally penetrating his own daughter and subsequently ejaculating, adult women performing oral sex on toddlers, and minors performing oral sex on animals.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Trial Court Opinion, 10/27/22, at 1. Following an investigation, Fox was arrested and charged with multiple offenses.

On June 24, 2022, Fox entered an open no contest plea to four counts of rape of a child, three counts of aggravated indecent assault, four counts of corruption of minors—defendant above the age of 18 and victims below the age of 18, one count of involuntary deviate sexual intercourse with a child, one count indecent assault with a person less than 13, two counts of incest of a minor with victim under the age of 13, two counts of unlawful contact with a minor, one count of indecent exposure, one count of possession of child pornography, and one count of criminal use of a communication facility.[1] The trial court sentenced Fox to an aggregate term of 79-158 years' incarceration and a fine of $4,728. The court imposed some sentences consecutively. Fox filed a post-sentence motion which the trial court denied.

Fox filed this timely appeal. Fox and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Fox raises the following single issue for our review:

   I.    The sentencing court imposed an aggregate term of [79] to [158] years' incarceration. It imposed this sentence despite significant mitigating evidence that showed defendant was severely mentally ill. Did the sentencing court impose an excessive sentence without adequately weighing the mitigating circumstances[?]

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3125(a)(4) and (a)(7), 6301(a)(1)(ii), 3123(b), 3126(a)(7), 4302(b)(1), 6318(a)(1), 3127(a), 6312(d), and 7512(a).

Fox's Brief at 4.

Fox challenges the discretionary aspects of his sentence. "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013) (citation omitted). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis of the following factors:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Austin*, 66 A.3d at 808).

Here, Fox satisfied the first and third requirements under *Colon*. Accordingly, we must determine whether Fox preserved his issues for appeal and raised a substantial question as required under the second and fourth requirements.

In his Rule 2119(f) statement, Fox claims that the trial court imposed an excessive aggregate sentence. Specifically, he argues that the court imposed several consecutive sentences and failed to *adequately* weigh the mitigating circumstances in this case. Consequently, Fox maintains that the

- 3 -

trial court abused its discretion and improperly sentenced him. Fox's Brief at 10.

Upon review of the record, we observe that Fox did not assert at the trial court that his consecutive sentences were excessive. To preserve a sentencing claim regarding the discretionary aspects of sentence, a defendant must raise it at sentencing or in a post-sentence motion. Fox did neither. As such, he failed to preserve this claim and satisfy the second requirement under *Colon*. Therefore, we therefore will not consider its merits.[2]

However, Fox raised the issue regarding mitigating circumstances with the trial court and thereby preserved that claim. Accordingly, we must determine whether this claim raised a substantial question.

> [T]this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. However, prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court "failed to consider" or "failed to adequately consider" sentencing factors has been less than a model of clarity and consistency. ...

---

[2] Fox also did not raise this issue in his concise statement of errors complained of on appeal or his statement of issues involved on appeal and therefore waived it for purposes of this appeal. Issues not included in an appellant's statement of questions involved and concise statement of errors complained of on appeal are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) and 2116(a).

This Court has ... held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.

***Commonwealth v. Caldwell***, 17 A.3d 763, 769–70 (Pa. Super. 2015) (internal quotation marks and citations omitted).

Here, Fox's claim is that the trial court did not "adequately" weigh the mitigating circumstances. ***See*** Fox's Brief at 10. This argument does not raise a substantial question. As such, we will not consider the merits of this sentencing claim.

Nevertheless, even if Fox satisfied all the requirements of ***Colon***, we would conclude that trial court did not commit a manifest abuse of discretion when it sentenced Fox.[3]

In his brief, Fox elaborates on why he believes the trial court imposed an excessive sentence and failed to properly weigh the mitigating circumstances. In particular, Fox argues that the 79-year minimum term,

---

[3] Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

which included consecutive sentences, is effectively a life sentence. Fox further argues that the trial court failed to give any weight to the mitigating circumstances, including his mental illness, years of drug and alcohol use, tragic personal history, and acceptance of responsibility for his crimes thereby sparing everyone from trial. As such, Fox maintains that the trial court abused its discretion, and he should be resentenced. Fox's Brief at 11-14.

Initially, we observe that Fox was subject to a potential maximum term of 399 years' incarceration and a potential maximum fine of $450,000. N.T., 6/24/22, at 7. The Commonwealth asked for 75 to 150 years' incarceration; Fox asked for 25 to 75 year's incarceration. *Id.* at 14, 16.

We further observe that Fox waived his right to a presentence investigation. However, Fox presented a lengthy psychological evaluation and mitigation report and sentencing memorandum to the trial court addressing Fox's background, criminal history, mental health, and other challenges Fox faced during his life. The court specifically noted on the record that it reviewed this information. *Id.* at 8. The court also acknowledged: Fox's counsel's argument and plea for a lesser sentence, Fox's mother's statement explaining her son's difficulties and acknowledging the terrible actions of her son but, expressing to the court that, as her son, she loved him; and Fox's own allocution and expression of remorse. *Id.* at 19. The court also specifically acknowledged the fact that Fox entered a plea, but admittedly, did not accord it much weight given the overwhelming evidence against him. *Id.*

But the trial court also received a statement from the mother of Fox's daughter who indicated that the only way any child will ever be safe from Fox is if he remains in prison for the rest of his life. *Id.* at 14. Before imposing its sentence, the trial court explained:

> I'm sitting up here listening as [the prosecutor] is reciting these facts and I don't think there's any question that this is the worst factual scenario that I've ever seen in my almost 18 years as a Common Pleas judge. It's hard to imagine anything worse than this in terms of the acts themselves, in terms of the number of victims involved, in terms of the fact that you were related to all of them, one of whom was your own daughter. Everywhere you look, this case is the worst imaginable when it comes to my evaluation of what's appropriate. I have a responsibility. And, [defense counsel], I agree with you, a responsibility to weigh all of the factors, to issue a sentence that is individually tailored to the circumstances and the individual before me, but it's clear to me that something well beyond the 25-year minimum period is what's necessary here just to ensure the community safety from anything remotely like the horrific circumstances in this case ever occurring again, at least by you, Mr. Fox.

*Id.* at 18-19.

From this, it is evident that the trial court considered the mitigating circumstances in this case. But the court also had to consider the protection of the public and the gravity of the crimes in relation to the impact on the victims. Here, the court found that these factors outweighed the mitigating factors. On appeal, this Court "cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007).

- 7 -

Additionally, we have long held that a sentencing court has broad discretion regarding whether a defendant serves sentences consecutively or concurrently. *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014). Here, the court imposed a combination of concurrent and consecutive sentences, resulting in a lesser sentence than what the court could have imposed in total.

Based upon our review of this case and the sentencing transcript, even if Fox satisfied *Colon*, we would conclude that, contrary to Fox's claims, the trial court considered the mitigating circumstances and weighed them accordingly. The court gave thoughtful consideration to an appropriate sentence in this case. Thus, we would conclude that the trial court did not commit a manifest abuse of discretion when it sentenced Fox.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/11/2023