J-S26025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFERY FULTON | : | |
| | : | |
| Appellant | : | No. 2683 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 9, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004723-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED OCTOBER 11, 2023**

Jeffrey Fulton appeals from the judgment of sentence imposed after he pled guilty to multiple offenses arising from fleeing a police pursuit.  Upon review, we affirm.

On May 23, 2019, Philadelphia Police Officers Gillian and Small were on patrol and saw a gray Subaru Forester traveling on Montgomery Street.  They conducted a NCIC/PCIC check which indicated that that the vehicle was stolen.  The officers attempted to stop the vehicle, but the driver refused to pull over.

After approximately 32 blocks, these officers ended their pursuit, but other Philadelphia police officers continued to pursue the vehicle. The vehicle was riding on its rim and headed east on Oxford Street.  Meanwhile, Officer Bernetti was driving west on Oxford when he stopped at a green light at the intersection of 24th Street and Oxford to allow a pedestrian to cross the street.

Fulton, who had not pulled over and was still running from the police, struck Officer Bernetti's vehicle.

Officers Holmes and Ruth approached the scene and observed Fulton trying to put the vehicle in reverse and revving the engine in an attempt to flee again. Ultimately, the officers were able to secure Fulton and take him into custody. Fulton was charged with multiple offenses.

On January 17, 2020, Fulton pled guilty to possessing an instrument of crime ("PIC"), simple assault, receiving stolen property, unauthorized use of a motor vehicle, and fleeing or attempting to elude a police officer.[1]

On November 9, 2020, the trial court sentenced Fulton to an aggregate term of incarceration of 4 to 9 years' incarceration as follows: simple assault - 1 to 2 years, to run consecutive to, unauthorized use motor/other vehicles - 1 to 2 years, to run consecutive to, fleeing or attempting to elude an officer - 2 to 5 years, PIC - 3 years' probation, and receiving stolen property - no sentence.

On November 20, 2020, Fulton filed a post-sentence motion which the trial court denied. No appeal was filed at that time.

On October 7, 2022, following an amended Post-Conviction Relief Act[2] petition, Fulton's appeal rights were reinstated. Fulton filed this timely appeal.

---

[1] 18 Pa.C.S.A. §§ 907(a), 2701(a), 3925(a), 3928(a), and 75 Pa.C.S.A. § 3733(a).

[2] 42 Pa.C.S.A. §§ 9541-9546.

Fulton challenges the discretionary aspects of his sentence claiming that it was unduly harsh and excessive. Fulton's Brief at 7. "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013) (citation omitted). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis of the following factors to determine whether the appeal is proper:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code . . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Austin*, 66 A.3d at 808).

Fulton timely filed his appeal after reinstatement of his rights; therefore, he satisfied the first requirement under *Colon*. However, upon review of the record, we observe that Fulton did not properly preserve his sentencing claim. To adequately preserve a discretionary sentencing claim, the defendant must present the issue in either a post-sentence motion or raise the claim during the sentencing proceedings. *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006). Fulton did not raise his claim during the sentencing

proceedings. And although Fulton filed a post-sentence motion and raised the substance of his claim therein, the motion was untimely.

Pennsylvania Rule of Criminal Procedure 720(A)(1) provides that "a post-sentence motion shall be filed no later than 10 days after imposition of sentence." Here, Fulton was sentenced on November 9, 2020. Therefore, Fulton had to file his post-sentence motion by November 19, 2020, but he filed it on November 20, 2020, a day late. This Court has held that "[a]n untimely post-sentence motion does not preserve issues for appeal." **Commonwealth v. Wrecks**, 931 A.2d 717, 719 (Pa. Super. 2007) (citation omitted).

Fulton did not ask to file the motion *nunc pro tunc.* That the trial court addressed the merits of Fulton's late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief. **See Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Furthermore, Fulton did not ask to reinstate his post-sentence motion rights in his PCRA petition. Consequently, because Fulton failed to preserve this issue for appeal, he did not meet the second requirement under **Colon,** and we cannot review his sentencing claim.

Nevertheless, even if Fulton had properly preserved his issue and satisfied the remaining requirements under **Colon**, we would conclude that the trial court did not abuse its discretion when it sentenced Fulton.[3]

Fulton claims that his sentence was unduly harsh and excessive. He argues that the trial court failed to consider his mitigating circumstances and rehabilitative needs.[4] In particular, he argues that the court did not consider his traumatic childhood, drug addiction, efforts to get treatment, employment,

_____

[3] Our standard of review of a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006).

[4] We note that in his Rule 2119(f) statement, Fulton also claims that the trial court failed to state the reasons for its lengthy sentence and sentence him within the guidelines. However, he did not develop these issues in the argument section of his brief and therefore would find them to be waived. **See Commonwealth v. Johnson**, 985 A.2d 915, 924-25 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of this Court, ... to formulate [an a]ppellant's arguments for him." (citations omitted)).

acceptance of responsibility by pleading guilty, and his wife's illness. Fulton's Brief at 11, 14.

Upon review of the record, we observe that the trial court had a pre-sentence investigation report ("PSI") and reviewed it. N.T., 10/24/2211/9/20, at 4. It is well-settled that where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). The court also had Fulton's mental health evaluation. Additionally, Fulton highlighted for the court the same factors that he now claims the court failed to consider—his childhood trauma, substance abuse, mental illness, employment, work injury, and wife's diagnosis. Further, during his allocution, Fulton apologized for his conduct and told the court that he was receiving treatment while at Camp Hill and doing better.

It is evident that the trial court was aware of these factors and considered them. However, the court did not accord them the weight that Fulton believes it should have. On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). Consequently, even if preserved, Fulton's sentencing claim would fail.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>October 11, 2023</u>