J-A23002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAYSOND WHITE | : | |
| | : | |
| Appellant | : | No. 5 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 3, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006858-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAYSOND WHITE | : | |
| | : | |
| Appellant | : | No. 6 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 3, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000003-2022

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: October 17, 2025**

Jaysond White appeals from the judgment of sentence imposed on December 3, 2024, after he violated his probationary sentence. White argues the trial court imposed an illegal sentence because it relied upon prior juvenile charges that resulted in convictions to lesser charges. We affirm.

The trial court set forth the relevant procedural history.

On June 29, 2022, Defendant Jaysond White, was sentenced on the following cases:

1) At CC#2022-00003—[White] pled guilty to two (2) counts …. At count 1[,] firearms not to be carried without a license (F3), 18 Pa.C.S.A. § 6106(a)(1), [White] was sentenced to a period of incarceration of not less than eleven (11) months and twenty-nine (29) days or more than one (1) year eleven (11) months and twenty-eight (28) days and five (5) years of probation consecutive to incarceration. No further penalty was imposed at count 2[,] possession of a firearm prohibited (M1), 18 Pa.C.S.A. § 6105(a)(1).

2) At CC#2021-6858—[White] pled guilty to three (3) counts …. At count 1, possession [of a firearm] with manufacturer number altered (F2), 18 Pa.C.S.A. § 6110.2(a), [White] was sentenced to ten (10) years of probation consecutive to confinement at CC#2022-00003, two (2) years of which included the restrictive condition of electronic monitoring. At count 2, firearms not to be carried without a license (F3), 18 Pa.C.S.A. § 6106(a)(1), [White] was sentenced to eight (8) years of probation concurrent with count 1, and at count 3, possession of a firearm prohibited (M1), 18 Pa.C.S.A. § 6105(a)(1), no further penalty was imposed.

[White] was paroled from the Allegheny County Jail (ACJ) on electronic monitoring (EM) on January 11, 2023 with a Justice Related Service (JRS) service plan. Just over a month later, [White] cut off his EM transmitter and absconded. [White] remained at large until it was learned that he was housed in a jail in North Carolina on firearm charges. After pleading guilty in North Carolina to firearm charges, [White] was extradited to Pennsylvania and lodged at the ACJ.

On December 3, 2024, [White] appeared before the court for a *Gagnon II*[1] hearing. At the conclusion of the hearing, the court revoked [White's] probation, and he was sentenced to an aggregate term of incarceration of not less than four (4) years nor more than eight (8) years. A post-sentence motion was denied.

A timely notice of appeal was filed on January 2, 2025.

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

Trial Court Opinion, 3/3/25, at 1-2 (unnecessary capitalization omitted).

White complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on March 3, 2025. *See* Pa.R.A.P. 1925(a). White now raises one issue for our review:

> Did the trial court impose an illegal sentence when it used the existence of Mr. White's prior arrests that did not result in convictions as a factor at sentencing?

Appellant's Brief, at 7 (unnecessary capitalization omitted).

Before we turn to the merits of White's claim, we must first determine if the claim is properly before us. White asserts the sentence is illegal pursuant to *Commonwealth v. Berry*, 323 A.3d 641 (Pa. 2024) wherein the Pennsylvania Supreme Court held that "mere arrests 'offer nothing probative about a defendant's background.'" *See* Appellant's Brief, at 14 (quoting *Berry*, 323 A.3d at 643). This Court addressed a similar claim in *Commonwealth v. Davis*, --- A.3d ---, 1025 EDA 2024, 1026 EDA 2024, 2025 WL 3045950 (Pa. Super. filed July 22, 2025), which was decided after White filed his brief.

In *Davis*, the appellant argued his sentence was illegal because the trial court relied upon Davis' alleged drug dealing activities, of which he was never convicted. *See Davis*, --- A.3d at ---, 2025 WL 3045950, at * 2. After thoroughly reviewing *Berry*, this Court found that *Berry* did not change the long-standing proposition "that a claim a sentencing court relied on

impermissible factors in imposing a sentence presents a challenge to the discretionary aspects of a sentence." *Id.* (citations omitted).

The same applies here. "Because [White's] claim that the sentencing court relied on an impermissible factor in determining his sentence challenges the sentencing court's exercise of discretion, and not its legal authority to impose a sentence, we conclude that he has raised a claim challenging the discretionary aspects of his sentence." *Id.* at *3 (footnote and citations omitted). A claim challenging the discretionary aspects of a sentence is not an appeal as of right. *See Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa. Super. 2014).

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 1042-43 (citations and brackets omitted).

White filed a timely notice of appeal and preserved the issue in a post-sentence motion. However, White did not include a concise statement of the

reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). The Commonwealth did not object to the lack of a statement. "Since the requirement of such a statement is procedural and not jurisdictional, the Commonwealth's failure to object to or otherwise assert the defect in the form of Appellant's brief has resulted in a waiver of the defect." **Commonwealth v. Patterson**, 180 A.3d 1217, 1232 (Pa. Super. 2018) (citations and internal quotation marks omitted). We may therefore address the merits of White's claim.

We begin with our well-established standard of review:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. Upon revocation of probation the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. …

- 5 -

***Colon***, 102 A.3d at 1043-44 (citations, ellipsis, quotation marks, and brackets omitted). Furthermore, "where the trial court is informed by a [presentence investigation report ("PSI")], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation and brackets omitted).

White argues his sentence was tainted by the trial court's consideration of prior arrests that were later reduced. ***See*** Appellant' brief, at 14-15. Specifically, White asserts the following statement from the trial court at sentencing was impermissible:

> When you were 17 you were also charged with an assault by prisoner and terroristic threats. Those charges were reduced to M3s, harassment and disorderly conduct.
>
> But you refused to follow instructions from staff at Shuman, you were belligerent, you spit on caseworkers. You threatened to kill the staff workers.

***Id.*** at 15 (quoting N.T. ***Gagnon II*** Hearing, 12/3/24, at 6).

In his reply brief, White confirms that he is not challenging "the trial court's consideration of [the] two lesser charges and the underlying conduct for them." Appellant's Reply Brief, at 6 (unnecessary capitalization omitted). White is arguing the trial court could not consider the original charges of assault by prisoner and terroristic threats because White pled guilty to lesser charges. ***See id.*** White believes ***Berry*** requires us to vacate his sentence and

remand for the trial court to resentence him without consideration of the original charges. *See* Appellant's Brief, at 15-16, 23. We disagree.

In *Berry*, our Supreme Court addressed "whether a sentencing court lawfully may consider [a defendant's] record of prior arrests, which did not result either in juvenile adjudications or adult convictions, as a factor at sentencing." *Berry*, 323 A.3d at 643. The Court noted that "evidence of a defendant's arrest record is inadmissible and irrelevant in nearly every criminal law context." *Id.* at 648. The Court continued, finding "[s]uch evidence also is inadmissible at sentencing, generally." *Id.*

Vital to this case, however, the Court indicated that "[a]lthough evidence of prior convictions would have been admissible, as would confessions by the defendant of other crimes, we refused to deem a history of arrests likewise admissible." *Id.* (emphasis and footnote omitted). This is because "[t]he fact of an arrest may generate speculation, but ultimately means nothing. Like other unproven conduct, prior arrests cannot be a factor upon which a sentence is predicated." *Id.* at 654 (footnotes omitted).

Here, White admitted and was adjudicated delinquent of lesser charges. Specifically, White was originally charged with assault by prisoner and terroristic threats, but those charges were reduced to harassment and disorderly conduct. The factual basis underpinning the charges was the same and White admitted to those facts when he tendered his admission to the lesser charges. Therefore, *Berry* is distinguishable.

The court here did not rely on mere arrests. It relied on White's admission and adjudication of delinquency. The court acknowledged the original charges were reduced and recited the facts of his admission. We find the trial court did not run afoul of **Berry** as it did not consider "unproven conduct" but considered the charges and factual basis that White admitted he committed. **Id.**

Furthermore, the trial court cogently explained its reason for the sentence imposed in its opinion:

In this case, prior to imposing sentence, the [c]ourt thoroughly read the 30-page [PSI], reviewed the applicable sentencing guidelines and factors, and heard argument from [d]efendant's counsel. The [c]ourt then listed several reasons on the record for imposition of sentence. First, the protection of the public mandates that [White] be sentenced to state prison due to his repeated unlawful possession of a firearm. [White], who is 22 years of age, possessed his first gun at the tender age of 13, which resulted in his residential placement. He continued to possess firearms throughout his teen years, resulting in delinquency adjudications at ages 16 and 17. Second, [White] has failed miserably at rehabilitation. While on supervision as a juvenile, [White] had very poor adjustment in that, inter alia, he refused to follow the rules, refused to cooperate with his treatment providers, threatened to kill staff workers, assaulted staff while being transported, and refused placements. Further, he absconded from both placements and from electronic monitoring. Third, the [c]ourt acknowledged that [White] had no relationship with his father and his mother abandoned him at a young age. However, his grandmother provided him with a loving home, along with both financial and emotional support. Fourth, [White] pled guilty to very serious crimes—three (3) felonies and two (2) misdemeanors. The [c]ourt gave him a huge break when he was originally sentenced. The [g]uidelines at the various counts ranged from 36 months incarceration in the mitigated range to 60 months incarceration in the standard range. Further, when the [c]ourt released him on parole from the ACJ on electronic monitoring, [White] failed to comply with his restrictions by

- 8 -

routinely violating his windows, declining to obtain employment or education, and failing to provide a urine sample for drug/alcohol testing. Ultimately, [White] cut off his transmitter and absconded to another state, where he pled guilty yet again to possession of a firearm. In summary, [White] is a danger to society and is in need of correctional treatment that can be provided for most effectively by total confinement in the state system, as efforts to rehabilitate him have been unsuccessful and his repeated possessions of firearms will, undoubtedly, lead to serious problems in the future.

Trial Court Opinion, 3/3/25, at 3-4 (italics omitted).

The trial court did not abuse its discretion in sentencing White. It had the benefit of a lengthy PSI and we must presume the court was aware of all sentencing factors. **See Edwards**, 194 A.3d at 638. It detailed its reasons for the sentence imposed, including its understandable concern that White just pled guilty in North Carolina to his sixth firearm case at only 22 years old, which resulted in the revocation proceedings and current sentence. **See** N.T. **Gagnon II** Hearing, 12/3/24, at 6-8. As such, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/17/2025

- 9 -